IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HRV SANTA FE, LLC,

    Appellant,

v.                                                                                                      CV No. 24-0657 KG-GBW

JUNIPER BL HOLDCO, LLC, *et al*,

    Appellees.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Interlocutory Appeal filed by Appellant HRV Santa Fe, LCC (HRV). (Doc. 1) (Motion). HRV seeks leave to file an interlocutory appeal of the Bankruptcy Court's denial of its request to remand a matter to state court. Having considered the record along with the applicable law, the Court will deny HRV's Motion and dismiss this appeal.

    *I. Background*

The underlying bankruptcy case stems from the renovation of the Bishops Lodge Resort and Hotel (Resort) in Santa Fe, New Mexico. (Doc. 1-1) at 21. Prior to 2021, the Resort was owned by a limited liability company, which in turn was owned by a series of other companies and individuals. *Id.* Appellant HRV, which is owned by Richard Holland, managed most of the companies. *Id.* Appellee Juniper Bishops, LCC (Juniper) made a $15 million loan to fund the renovation. *Id.* at 22. Juniper made the loan to BL Santa Fe Mezz, LLC (Mezz), which is one of the companies in the Resort's chain of corporate ownership. *Id.*

By 2020, the Resort's renovation was behind schedule and over budget. (Doc. 1-1) at 22. The majority members of a senior holding company attempted to remove HRV and Holland from

corporate management.  *Id.*  It appears HRV and Holland dispute the attempted removal.  *Id.*  In any event, the principal parties associated with the Resort continued to search for additional capital to fund completion of the renovation.  *Id.* at 23.

Lender Juniper declared that Mezz was in default on the renovation loan in 2021, before the principal parties could reach any final deal to secure new funding. (Doc. 1-1) at 23.  Mezz filed a Chapter 11 bankruptcy petition in Delaware.  *Id.*  Another company within the Resort's chain of corporate ownership - BL Santa Fe, LLC - also filed a petition in that venue, and the cases were jointly administered.  *Id.*

As part of the reorganization, the Delaware Bankruptcy Court was required to resolve disputes between Debtors and HRV/Holland, the original Resort manager.  The Debtors (Mezz and BL Santa Fe, LLC) proposed a plan where: (1) Mezz would convey certain membership interests to a holding company owned by the lender, Juniper; (2) Juniper's loan would be satisfied in full; and (3) Juniper's holding company would fund the remainder of the Resort's renovation in exchange for certain equity interests.  (Doc. 1-1) at 25.  HRV objected to the plan.  *Id.*  HRV argued, inter alia, Debtors failed to act as a reasonable fiduciary and that Debtors could have received a better return to stakeholders by negotiating with Andrew Blank (another potential lender/investor).  *Id.*  The Delaware Bankruptcy Court confirmed Debtors' plan over HRV's objection.  *Id.*  The confirmation order reserves bankruptcy jurisdiction over all matters related to the bankruptcy plan.  *Id.* at 27.  The plan became effective on October 29, 2021.  *Id.*

In 2023, HRV filed suit in New Mexico's First Judicial District Court against various companies associated with Juniper.  (Doc. 1-1) in 24-1002-t.  The state court complaint raises claims for breach of fiduciary duty and conspiracy.  *Id.*  HRV's theory is that Defendants,

including Juniper, engaged in a "loan to own" scheme to seize control of the Resort. *Id.* at 3. Part of the alleged wrongdoing includes Juniper's participation and litigation positions in the underlying bankruptcy case. *Id.* at 9.

The Juniper Defendants removed the state court complaint to the New Mexico Bankruptcy Court. *See* 28 U.S.C. § 1452(a) (permitting removal to the federal bankruptcy court where the state civil action is pending). The Notice of Removal states the state court action is related to the bankruptcy case and that the Delaware Bankruptcy Court already considered and rejected the issues raised in the state complaint. (Doc. 1) in 24-1002-t. HRV filed a motion to remand the case and/or abstain. (Doc. 21) in 24-1002-t. The New Mexico Bankruptcy Court (Hon. David Thuma) denied the motion and declined to remand the case. (Doc. 1-1) at 20 (Remand Ruling). Judge Thuma found the Bankruptcy Court has jurisdiction over HRV's claims.

HRV filed the instant appeal in response to that ruling. The appeal was initially assigned to the Tenth Circuit Bankruptcy Appellate Panel (BAP). The Tenth Circuit BAP issued an Order to Show Cause why the appeal should not be dismissed as interlocutory. (Doc. 1-1) at 67. Before that issue was resolved, the Tenth Circuit BAP transferred the appeal to this Court.

HRV seeks leave in this Court to file an interlocutory appeal of the Remand Ruling. (Doc. 1). The Juniper Defendants filed an opposition response, which was joined by individual Defendants Jay Wolf, Alex Walter, Brad Brooks, and Michael Norvet. (Docs. 2, 3). The matter is fully briefed and ready for review.

II. *Standard of Review*

Under 28 U.S.C. § 158(a)(1), the district courts have jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy judges. With leave of the district court, a district court may also hear appeals of "other interlocutory orders and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(3).

Section 158(a)(3) does not provide specific guidelines when it is appropriate for a district court or a bankruptcy appellate panel to grant leave to bring an interlocutory appeal. The Tenth Circuit BAP reads "the requirements of 28 U.S.C. § 1292, which govern interlocutory appeals from the district court to the circuit court, into [Section] 158(a)(3)." *In re Fox*, 241 B.R. 224, 232 (10th Cir. BAP 1999). Under 28 U.S.C. § 1292(b), leave to appeal an interlocutory order should only be granted when (1) an appeal involves "a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "the immediate resolution of the order may materially advance the ultimate termination of the litigation." *In re McGann*, 2024 WL 2198844, at *3 (10th Cir. BAP 2024) (citing 28 U.S.C. § 1292(b)).

"The proponent of an interlocutory appeal bears the burden of establishing that all three of the substantive criteria are met." *Freedom Transportation, Inc. v. Navistar International Corporation*, 2020 WL 108670, at *2 (D. Kan. 2020). Moreover, "courts … have remained ever mindful that interlocutory appeals are traditionally disfavored." *Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012). Interlocutory appeals "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah v. Kennecott Corp.,* 14 F.3d 1489, 1495 (10th Cir. 1994). *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve

4

interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.").

    *III. Discussion*

    HRV argues each Section 1292(b) factor favors an interlocutory appeal and that such appeal would save the time and expense of pursuing a post-judgment appeal. Defendants argue that none of the factors are met in this case, primarily because the legal standards for remand and bankruptcy jurisdiction are well settled. The Court will address each Section 1292(b) factor below.

    *A. The Appeal Does Not Implicate a Controlling Question of Law*

    "A 'controlling question of law' as used in [Section] 1292(b) means a pure question of law requiring the resolution of 'abstract' legal issues; it is not the application of a legal question to the particular facts of the case." *In re SemGroup Energy Partners, L.P.*, 729 F.Supp.2d 1276, 1312 (N.D. Okla. 2010) (citing *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000)). *See also Bessios v. Pueblo of Pojoaque,* 2024 WL 1741357, at *4 (D.N.M. Apr. 23, 2024) ("[t]he phrase 'question of law' … does not refer to a particular application of facts to the law, but rather 'has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'"). "It does not include questions requiring a Court of Appeals to delve beyond the surface of the record in order to determine the facts." *XTO Energy, Inc. v. ATD, LLC*, 189 F.Supp.3d 1174, 1193 (D.N.M. 2016) (internal quotation omitted). "[W]hat the framers of § 1292(b) had in mind is … matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *Tarver v. Ford Motor Co.*, 2017 WL 9477739, at *2 (W.D. Okla. Mar. 10, 2017) (quotations omitted).

Here, HRV articulates five issues on appeal. HRV asks this Court to resolve: (1) whether Defendants' statements in the Notice of Removal are enough to establish the Bankruptcy Court's jurisdiction; (2) whether HRV's allegations in the state court complaint give rise to such jurisdiction; (3) whether HRV's state claims arose in the underlying bankruptcy proceeding; (4) whether the confirmed bankruptcy plan has jurisdictional significance; and (5) even assuming HRV's state claims are related to the underlying bankruptcy proceeding, whether abstention was warranted. (Doc. 1-1) at 80.

These issues are not "pure question[s] of law that th[is Court] could decide quickly and cleanly." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013). Resolution of the issues would require an analysis of the facts in HRV's state law complaint in light of the law governing remand and bankruptcy jurisdiction. Even this ruling required a careful review of the Delaware bankruptcy filings, the New Mexico bankruptcy filings, and the state court record to evaluate the interplay among those cases. *See In re Richard D. Van Lunen Charitable Found.*, 2023 WL 4706758, at *3 (D. Colo. July 24, 2023) (a controlling question of law does not require courts to "study the record" and evaluate "how the law applies to the facts of a particular situation"). Hence, the first Section 1292(b) factor is not met.

B. *HRV Has Not Established a Substantial Ground for Difference of Opinion*

"'To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear.'" *Diaz v. King*, 2016 WL 8925344, at *3 (D.N.M. Jan. 13, 2016) (citations omitted). "Courts traditionally will find that a substantial ground for difference of opinion [as to a controlling issue of law] exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on

6

the point." *Id. See also Dorato v. Smith*, 163 F. Supp. 3d 837, 880 (D.N.M. 2015) (a substantial ground for difference of opinion can exist if complicated questions arise under foreign law or if novel and difficult questions of first impression are presented).

HRV has not pointed to any significant Circuit splits or areas of uncertainty with respect to the law on remand or bankruptcy jurisdiction. HRV primarily addresses the second factor by arguing the Remand Ruling relied on flawed conclusions; diverges from well-established law and state authorities; and misconstrues the state court complaint. (Doc. 1-1) at 82, 84, 88. "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Diaz*, 2016 WL 8925344, at *3 (quotations omitted). Similarly, "[a]n attorney's contention that one precedent rather than another should apply does not merit interlocutory appeal." *Dorato*, 163 F. Supp. 3d at 880. HRV has therefore not established the second Section 1292(b) permits an interlocutory appeal.

*C. An Appeal Will Not Materially Advance the Ultimate Termination of Litigation*

"Interlocutory review is appropriate 'only in extraordinary cases where decision might avoid protracted and expensive litigation.'" *XTO Energy, Inc. v. ATD, LLC*, 189 F.Supp.3d 1174, 1195 (D.N.M. 2016) (quoting *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426–30 (9th Cir. 1973). "An immediate appeal advances this termination if it would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Id.* (quotations omitted). An "appeal cannot be said to materially advance the ultimate termination of litigation" where "litigation will be conducted in substantially the same manner regardless of the court's decision[.]" *Id.*

Granting leave to file an interlocutory appeal would not end the litigation between HRV and Defendants, nor would it impact the merits of any underlying claims. HRV argues that an interlocutory appeal would save time and litigation expense. (Doc. 1-1) at 94. The Court cannot agree, given the record. HRV's claims appear to relitigate issues that were decided in the underlying bankruptcy proceeding, including whether the Juniper Defendants fairly obtained an ownership interest in the Resort and whether the other owners of the Resort could have obtained a better financing deal. Given the Bankruptcy Court's expertise in complex corporate disputes, the Court is persuaded that the most efficient path is for the Bankruptcy Court to make a ruling before any issues are addressed on appeal. Hence, HRV has not shown the second Section 1292(b) permits an interlocutory appeal.

*IV. Conclusion*

In sum, HRV has not established that this case presents a rare and exception situation justifying an interlocutory appeal under 28 U.S.C. §§ 158(a)(3) or 1292(b). The Court will deny HRV's Motion and close this civil case.

IT IS ORDERED:

1. HRV's Motion for Interlocutory Appeal (Doc. 1) is denied.

2. The above-captioned bankruptcy appeal is dismissed as interlocutory.

3. The Court will enter a separate judgment closing the civil case.

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.